UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBIN E. GILBERT,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

18-CV-00729-MJR
DECISION AND ORDER

As set forth in the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018, Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). (Dkt. No. 19)

Robin E. Gilbert ("plaintiff"), brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion (Dkt. No. 12) is granted, and defendant's motion (Dkt. No. 17) is denied.

## BACKGROUND[1]

On August 12, 2014, plaintiff protectively filed DIB and SSI applications alleging disability beginning September 1, 2012 due to diabetes, morbid obesity, knee problems, carpal tunnel syndrome, high blood pressure, sleep apnea, diabetic retinopathy, and reactive airway disease. (Tr. 25, 162-174, 195)[2] Her claims were initially denied on December 1, 2014. (Tr. 85-86) Thereafter, plaintiff filed a written request for hearing on February 5, 2015. Plaintiff appeared and testified at a hearing held on November 28, 2016 in Buffalo, New York, before Administrative Law Judge ("ALJ") William Weir. (Tr. 50-96) At the hearing, plaintiff amended her alleged onset date of disability to November 10, 2014. (Tr. 45-16)

ALJ Weir issued an unfavorable decision on March 31, 2017. (Tr. 18-33) The Appeals Council denied review (Tr. 1-6), and this timely action followed. (Dkt. No. 1)

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

---

[1] The Court presumes the parties' familiarity with plaintiff's medical history, which is discussed at length in the moving papers. The Court has reviewed the medical record, but cites only the portions of it that are relevant to the instant decision.

[2] Citations to "Tr.___" refer to pages of the administrative transcript. (Dkt. No. 7)

2

and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (*quoting Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

3

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §423(d)(2)(A). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (*quoting Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §404.1520(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §404.1520(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §404.1520(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."

*Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §404.1520(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §404.1520(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §404.1545(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §404.1520(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §404.1520(g)(1). If the claimant can adjust to other work, he or she is not

disabled. *Id.* If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries their burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III.   *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating plaintiff's claim. Under step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 10, 2014. (Tr. 23) At step two, the ALJ found that plaintiff had the severe impairments of status post cerebral vascular accident and temporary ischemic attack, diabetes mellitus, and obesity. (Tr. 24) At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 24) Before proceeding to step four, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), except she could not perform complex work. (Tr. 24) At step four, the ALJ found that plaintiff could not perform her past relevant work as an assembler and janitor. (Tr. 26) At step five, the ALJ determined that plaintiff was capable of performing other work existing in significant numbers in the national economy, including jobs such as inspector/packager, sorter, and order clerk. (Tr. 27) Accordingly, the ALJ found that plaintiff had not been under a disability within the meaning of the Act. (Tr. 27-28)

IV.   *The Parties' Arguments*

The sole issue presented in this case is whether the ALJ properly applied the treating physician rule.[3] Plaintiff contends that the ALJ did not properly consider the regulatory factors in evaluating the opinions of her treating physicians. (Dkt. No. 12-1 at 9-13) The Commissioner argues that, while the ALJ did not explicitly consider each of the regulatory factors, he expressly evaluated whether the opinions were supported by the treatment notes and consistent with the record as a whole. (Dkt. No. 17-1 at 17)

For the following reasons, Court agrees with plaintiff that the ALJ committed an error of law warranting remand.

On November 24, 2014, plaintiff underwent a consultative examination with Dr. Abrar Siddiqui, who opined that plaintiff had mild limitations in her ability to push, pull, or carry heavy objects. (Tr. 684) A left knee x-ray performed in conjunction with the examination revealed joint space narrowing. (Tr. 686)

Plaintiff's treating physician, Rania Bayoumi, M.D., completed a medical report for determination of disability on July 30, 2015. (Tr. 896) Dr. Bayoumi listed plaintiff's diagnoses as diabetes mellitus with peripheral neuropathy, carpal tunnel syndrome, and depression. (*Id.*) She opined that: (1) plaintiff could not sit/stand greater than 30 minutes; (2) her severe carpal tunnel syndrome limited hand use; (3) plaintiff could not do any type of work; and (4) her condition had lasted or could be expected to last one year or more. (Tr. 896-87)

---

[3] The former treating physician rule applies to this case because plaintiff's claim was filed prior to March 27, 2017. *See* 20 C.F.R. § 404.1527; *see also* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 FR 15263-01, 2017 WL 1105348 (Mar. 27, 2017).

On September 2, 2015, Dr. James Matthews also completed a medical report on plaintiff's behalf. (Tr. 899) Therein, he opined that plaintiff could perform sedentary work but that her knees limited walking, and that her carpal tunnel syndrome limited the use of her hands. (*Id.*) Dr. Matthews stated that plaintiff could not do any type of work and that her condition had lasted or could be expected to last one year or more. (Tr. 900)

In evaluating this evidence, the ALJ found the following:

> As for the opinion evidence, Dr. Siddiqui's opinion is given great weight as it is consistent with the examination findings and with the claimant's treatment history. The opinion of Rania Bayaumi [sic] M.D. is given little weight as the treatment history does not document any severe carpal tunnel syndrome nor any physical documentation of inability to sit or stand for more than thirty minutes. Similarly, Dr. James Matthews' opinion is given some weight as his finding of sedentary exertional capacity is consistent with the record, but his treatment records do not document any findings consistent with atrophy of the hands as he notes.

(Tr. 26)

Under the pertinent regulations in place at the time of plaintiff's application, the treating physician rule "generally requires deference to the medical opinions of a [plaintiff's] treating physician[.]". *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) (The opinion of a treating physician is to be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record[.]"). To that end, the Commissioner is required to "always give good reasons" for the weight given to a treating source opinion. *Halloran*, 362 F.3d at 32 (quoting 20 C.F.R. § 404.1527(c)(2)). The reasons must be specific and supported by evidence in the record. *Marth v. Colvin*, No. 15-cv-0643, 2016 WL 3514126, *6 (W.D.N.Y. June 28, 2016).

8

When controlling weight is not given to the opinion of a treating physician, the ALJ must consider the following factors to determine how much weight to give the opinion of a treating source: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) what evidence supports the treating physician's report; (4) how consistent the treating physician's opinion is with the record as a whole; (5) the area of specialization of the physician in contrast to the condition being treated; and (6) any other factors which may be significant in a claimant's particular case. 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (reiterating that an ALJ must consider, *inter alia*, "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence, and (4) whether the physician is a specialist.").

Here, the ALJ's conclusory explanations for the weight afforded to plaintiff's treating physician does not reflect proper consideration of the regulatory factors. In his decision, the ALJ recited plaintiff's medical history only briefly in determining that her knee pain and carpal tunnel syndrome were nonsevere. (Tr. 24) He does not explain how those treatment notes contradict the opinions of Drs. Bayoumi and Matthews, nor does he cite to any portion of the medical record that was specifically inconsistent with these opinions. (Tr. 26) The remainder of the ALJ's discussion focused on plaintiff's subjective complaints. (Tr. 25-26) The ALJ's lack of reasoning with respect to the opinion evidence frustrates meaningful review by this Court. *See Crutch v. Colvin*, No. 14-cv-3201, 2017 WL 3086606, *8 (E.D.N.Y. July 19, 2017) ("This conclusory, one-sentence explanation does not fulfill the ALJ's obligation under the treating physician rule. . . . Without specific

9

citations to the medical record identifying specific portions that are inconsistent, the Court cannot properly review the ALJ's decision, and claimants are deprived of an adequate understanding of the reasoning behind the disposition of their cases.") (citing *Morgan v. Colvin*, 592 Fed.Appx. 49, 50 (2d Cir. 2015); *Gunter v. Comm'r of Soc. Sec.*, 361 Fed.Appx. 197, 199 (2d Cir. 2010); *Marchetti v. Colvin*, No. 13-CV-02581, 2014 WL 7359158, at *13 (E.D.N.Y. Dec. 24, 2014); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)); *see also, e.g., Banks v. Berryhill*, No. 15-CV-983, 2017 WL 4570750, *9 (W.D.N.Y. Sept. 20, 2017), *report and recommendation adopted*, 2017 WL 4552895 (W.D.N.Y. Oct. 12, 2017) ("The ALJ's failure to provide a meaningful discussion of the applicable factors in considering Dr. Davies' opinion and to provide good reasons for the weight, if any, he assigned to the opinion constitutes a violation of the treating physician rule.").

The Commissioner urges that "a searching review of the record establishes that the substance of the treating physician rule was not traversed," and therefore the ALJ's decision should be affirmed. (Dkt. No. 17-1 at 18 (citing *Estrella*, 925 F.3d at 96)). Yet the evidence set forth in defendant's brief is being raised *post hoc* in this proceeding. There is no comparison or reconciliation of any alleged inconsistencies between the treating source opinions and the medical evidence attributable to the ALJ. *See Black v. Berryhill*, No. 17-CV-557, 2018 WL 4501063, at *6 (W.D.N.Y. Sept. 20, 2018) (noting that a reviewing court may not rely on *post hoc* rationalizations for agency action). The Court is well-aware that a "slavish recitation of each and every factor" is unnecessary "where the ALJ's reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 Fed.Appx. 67, 70 (2d Cir. 2013) (summary order) (citing *Halloran*, 362 F.3d at 31-32).

Here, however, the ALJ's perfunctory analysis of opinion evidence and scant discussion of plaintiff's medical treatment does not indicate that he even *implicitly* considered the regulatory factors. See Cordero v. Colvin, No. 15-CV-0345, 2016 WL 6829646, at *3 (W.D.N.Y. Nov. 21, 2016) ("[T]he ALJ stated that [the treating physician's] opinion was 'without substantial support from the other evidence of record, which obviously renders it less persuasive.' The ALJ did not identify, much less allude to, which evidence of record failed to offer 'substantial support' for [the treating physician's] opinion. This was error, and it precludes the Court from conducting a meaningful review of whether the ALJ's decision is supported by substantial evidence.") (internal citations omitted).

For these reasons the Court finds that remand is required for the ALJ to reconsider the opinions of Drs. Bayoumi and Matthews in accordance with 20 C.F.R. §§ 404.1527(c).[4]

---

[4] The Court notes that it makes no finding as to the merits of plaintiff's disability claim in this Decision and Order.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is granted, and the Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 17) is denied. Accordingly, the decision of the Commissioner is reversed, and this matter is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

**SO ORDERED.**

Dated:   March 18, 2020
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge